# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | David H. Coar | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 08 C 2315 | **DATE** | July 25, 2008 |
| **CASE TITLE** | Bridget Mechetner-Cesario (L-74507) v. Judge Victoria Rossetti, et al. | | |

**DOCKET ENTRY TEXT**

Plaintiff's application to proceed *in forma pauperis* [9] is granted. The Court orders the trust fund officer at Plaintiff's current place of incarceration to deduct $9.73 from Plaintiff's account for payment to the Clerk of Court as an initial partial filing fee. The Clerk shall send a copy of this order to the trust fund officer at the Lake County Jail. However, the complaint is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) and Fed. R. Civ. P. 12(b)(6) for failure to state an actionable federal claim. The case is terminated. This dismissal counts as one of Plaintiff's three allotted dismissals under 28 U.S.C. § 1915(g).

■[ For further details see text below.]        Docketing to mail notices.

## STATEMENT

      Plaintiff, Bridget Mechetner-Cessario, an inmate at the Lake County Jail, brings this *pro se* civil rights action pursuant to 42 U.S.C. § 1983.

      Plaintiff is granted leave to file *in forma pauperis*. Pursuant to 28 U.S.C. § 1915(b)(1), Plaintiff is assessed an initial partial filing fee of $9.73. The trust fund officer at Plaintiff's current place of incarceration is ordered to collect, when funds exist, the partial filing fee from Plaintiff's trust fund account and pay it directly to the Clerk of Court. After payment of the initial partial filing fee, the trust fund officer is authorized to collect monthly payments from Plaintiff's trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments collected from Plaintiff's trust fund account shall be forwarded to the Clerk of Court each time the amount in the account exceeds $10 until the full $350 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, Il. 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify Plaintiff's name and the case number assigned to this action.

      However, under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a suit brought *in forma pauperis* at any time if the Court determines that it is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. Here, even accepting Plaintiff's factual allegations as true, the Court finds that the complaint fails to state an actionable federal claim as a matter of law.

      Plaintiff alleges that the judge in her state court proceeding, Judge Victoria Rossetti, is biased against

**STATEMENT**

her and she seeks to have Judge Rossetti and the Lake County State's Attorney recused from the state court proceeding. It is unclear from the complaint if the state court proceeding is a civil or criminal action and/or if proceeding is a past or present action. However, regardless of the type and timing of the proceeding, Plaintiff fails to state a claim for which relief can be granted.

Federal courts are largely prohibited from interfering in state criminal and civil proceedings in deference to principles of equity, comity, and federalism. *See Younger v. Harris*, 401 U.S. 37, 53 (1971); *Dombrowski v. Pfister*, 380 U.S. 479 (1965); *State of Indiana v. Haws*, 131 F3d 1205 (7th Cir. 1997); *see also* criteria for *Younger* abstention set forth in *Barichello v. McDonald*, 98 F.3d 948, 955 (7th Cir. 1996). Consequently, the court cannot, in the context of a civil rights action, provide the relief Plaintiff seeks. The Court is aware of no reason why Plaintiff cannot present her reasons for recusal in her state court case. *See General Auto Service Station LLC v. City of Chicago,* 319 F.3d 902, 904 (7th Cir. 2003).

Assuming Plaintiff's state court proceeding is a criminal proceeding (past or present), the Court makes no finding as to whether Plaintiff may have potential grounds for relief under federal habeas corpus law in the event of a conviction. Plaintiff would have to file a separate habeas action after exhausting state court remedies. *See* 28 U.S.C. § 2254(b)(1)(A). The Court is not permitted to "convert" the civil rights action into a habeas corpus suit and decide the case on its merits. *Pischke v. Litscher*, 178 F.3d 497, 500 (7th Cir. 1999). Rather, "[i]t should simply be dismissed, leaving to the prisoner to decide whether to refile it as a petition for habeas corpus." *Id.*

Moreover, Plaintiff's claims of bias by Judge Rossetti are barred because the judge is protected from suit by absolute judicial immunity. *See Dawson v. Newman*, 419 F.3d 656, 660-61 (7th Cir. 2005).

Similarly, Plaintiff's claims against the Lake County State's Attorney are barred. It is well-established that a prosecutor is entitled to absolute immunity from suit under § 1983 with respect to certain types of official conduct, including initiation and pursuit of criminal prosecution, presentation of the state's case at trial and any other conduct that is closely associated with the judicial process. *See Mendenhall v. Goldsmith*, 59 F.3d 685, 689 (7th Cir. 1995); *Buckley v. Fitzsimmons*, 509 U.S. 259 (1993).

For the foregoing reasons, this suit is dismissed for failure to state a claim for which relief can be granted.

Plaintiff is warned that if a prisoner has had a total of three federal cases or appeals dismissed as frivolous, malicious, or failing to state a claim, she may not file suit in federal court without prepaying the filing fee unless she is in imminent danger of serious physical injury. 28 U.S.C. § 1915(g).

If Plaintiff wishes to appeal this dismissal, she may file a notice of appeal with this court within thirty days of the entry of judgment. Fed. R. App. P. 4(a)(4). A motion for leave to appeal *in forma pauperis* should set forth the issues Plaintiff plans to present on appeal. *See* Fed. R. App. P. 24(a)(1)(c). If Plaintiff does choose to appeal, she will be liable for the $455 appellate filing fee irrespective of the outcome of the appeal. *Evans v. Illinois Dept. of Corrections*, 150 F.3d 810, 812 (7th Cir. 1998). Furthermore, if the appeal is found to be non-meritorious, Plaintiff may also accumulate another "strike."